**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CAROL OWEN, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| METHODIST HOSPITALS OF DALLAS, INC. (d/b/a METHODIST HEALTH SYSTEM); MEDHEALTH; METHODIST TRANSPLANT PHYSICIANS; PHYSICIAN ASSOCIATES OF SOUTHWEST DALLAS, JOHN F. LACY and TIMOTHY M. MEEKS, | § § § § § § § § § § | NO. 3:09-cv-00207-L |
| | § § | |
| Defendants. | § | |

**ORDER APPROVING SETTLEMENT, CERTIFYING CLASS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Before the court are: (1) Class Counsel's Motion for Award of Attorneys' Fees, Expense Reimbursement, and Class Representative Service Award, filed December 3, 2009; and (2) Joint Motion for Final Approval of Class Settlement, filed January 26, 2010. On February 2, 2010, the Court held a hearing in this Case (the "Fairness Hearing") to consider the fairness and reasonableness of the proposed Class Settlement and any objections thereto. After considering the Settlement Agreement ("Settlement Agreement"), the releases contained therein and the exhibits thereto, pleadings and record in this case, the evidence presented at the hearing, and arguments of counsel and applicable authorities, and affording all interested and qualified persons the opportunity to be heard, the Court **GRANTS** Class Counsel's Motion for Award of Attorneys' Fees, Expense

1

Reimbursement, and Class Representative Service Award and **GRANTS** the Joint Motion for Final

Approval of Class Settlement.  The Court **FINDS and RULES** as follows:

A.    The Court has jurisdiction over the subject matter of this Case pursuant to 29

U.S.C. §1132(e)(1) and 28 U.S.C. § 1331.  The Court has personal jurisdiction over the parties to

the Case, including Carol Owen ("Plaintiff") and Methodist Hospitals of Dallas, Inc. (d/b/a

Methodist Health System); MedHealth; Methodist Transplant Physicians; Physician Associates

of Southwest Dallas, John F. Lacy and Timothy M. Meeks as Defendants (together referred to as

the "Settling Defendants").[1]  The Court also finds it has properly obtained personal jurisdiction

over the Participating Settlement Class Members listed in Exhibit "A" to the Final Judgment

attached to this order as Exhibit 1 (the "Participating Class Members") by giving them proper

notice and a chance to opt out or to be heard.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797,

811-12 (1985); *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992).

B.    On November 19, 2009, the Court conditionally certified this action to proceed as

a class action for settlement pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and

preliminarily approved the Settlement, finding: (1) that the Settlement was within the range of

possible approval; (2) that the Notice of Proposed Class Settlement ("Notice") to Class Members

of the Settlement terms and conditions (including opportunity to request exclusion for individual

Class Members and notice of any individual Class Member's right to object to the proposed

---

[1]    "Plaintiff," "Participating Settlement Class Members" and "Settling Defendants" are
sometimes collectively referred to herein as "Parties" or individually as "Party."  Capitalized
terms used in this Order that are not otherwise defined herein have the meaning assigned to them
in the Settlement Agreement.  The recitals and definitions in the Settlement Agreement are
incorporated herein by reference.

Settlement) was appropriate; and (3) that the scheduling of the Settlement Hearing was appropriate. *See* Preliminary Approval Order (D.E. 33).

C.      The Court has now conducted the Settlement Hearing and makes the following findings and rulings supporting permanent certification of the Class, final approval of the Settlement, and entry of Final Judgment.

Findings Supporting Permanent Certification of the Class

D.      In order to certify this settlement Class, the Court must find that the proposed Class meets the four threshold requirements of the Rule 23(a) and is maintainable under Rule 23(b)(3).  The Supreme Court has expressly stated that cases may be certified for settlement purposes only.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618-19, 621-22 (1997) (the "dominant concern" is "whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives"; "settlement is relevant to class certification," and is "a factor in the calculus.").  *See also In re Beef Indus. Antitrust Litig.*, 607 F.2d 167, 178 (5th Cir.1979) (it is proper and consistent for the court to certify a class for settlement purposes even while it might be difficult to reach that determination in a different context).

E.      Based on the arguments and evidence presented at the Fairness Hearing, and in connection with the Joint Motion for Final Approval of the Settlement (D.E. 37), and in Plaintiff's Application for An Award of Attorney's Fees, Expenses and Class Representative Service Award (D.E.s 34-36), the Court makes the following additional findings of fact and conclusions of law supporting final approval of the Settlement.

F.       The Court finds that each of the elements of Rules 23(a) and (b)(3) of the Federal

Rules of Civil Procedure is satisfied and, for purposes of settlement only, that the Case should be

permanently certified as class action, pursuant to Federal Rules of Civil Procedure 23(a) and

(b)(3), on behalf of the following persons (the "Class"):

> All persons who have paid COBRA premiums for continuation coverage under the
> Methodist Employee Group Health Plan between March 21, 2002 and September
> 16, 2009 and whose names appear on Exhibit "A" to the Final Judgment.

G.       The Court finds that this class definition meets the requirements of Rule 23 that an

identifiable class exist and is susceptible to precise definition.  The Court further finds that the Class

has 219 members, and that joinder of all members of the Class would be impracticable.  *See Mullen*

*v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (affirming certification of class

of between 100 to 150 employees).

H.       The Court also concludes the Settlement Class meets the commonality requirement

of Rule 23(a)(2).  In her Original Class Action Complaint (D.E. 1), Plaintiff alleged causes of action

for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, as

amended ("ERISA"), and violations of the premium computation provisions of the Consolidated

Omnibus Budget Reconciliation Act of 1985 ("COBRA"), with respect to the Methodist Hospitals

Employee Group Health Plan (the "Health Plan") component of the Methodist Health System

BeneChoice Plan (ERISA plan number 515) (the "BeneChoice Plan").  Plaintiff's claims arise from

her payment for continuation coverage under COBRA during the Class Period.  Specifically,

Plaintiff alleges Defendants overcharged her for COBRA continuation coverage premiums, and

overcharged all other similarly situated former employees.  Defendants deny Plaintiff's allegations,

deny undertaking any unlawful conduct, and deny violating ERISA and/or COBRA, and have

entered into the Settlement Agreement solely for the purpose of avoiding the risks and costs associated of continued complex litigation.

I.    Based on Plaintiff's allegations and the supporting evidence, and for settlement purposes only, the Court finds that the following questions of law and fact are common to the Settlement Class because their resolution would affect all or a significant number of the Class Members.  *See Forbush v. J.C. Penny Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993):

> a.    whether and to what extent each Settling Defendant is a fiduciary or party in interest under ERISA;
>
> b.    whether the Settling Defendants engaged in nonexempt prohibited transactions under ERISA;
>
> c.    whether the Settling Defendants breached their fiduciary duties under Section 404(a) of ERISA; and
>
> d.    whether the Settling Defendants used more than a "reasonable estimate of the cost of providing coverage" under the Group Health Plan when calculating COBRA premiums.

J.    The Court also concludes, for the purposes of settlement only, that the predominance requirement of Rule 23(b)(3) is satisfied by the foregoing common questions.  The predominance requirement is met where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members. . ."  Fed. R. Civ. P. 23(b)(3).  The Fifth Circuit has held that predominance requires that the "common issues constitute a significant part of the individual cases." *Mullen*, 186 F.3d at 626 (citing *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)).  Here, resolving the foregoing common

questions would substantially resolve the claims of each Class member. Accordingly, the predominance requirement of Rule 23(b)(3) is met with respect to the Settlement Class.

K.    The Court also finds, for the purposes of settlement, that the claims of the Plaintiff are typical of those of the Settlement Class Members. *See* Fed. R. Civ. P. 23(a)(3). The claims of both the Plaintiff and all Settlement Class Members arise under the same statutory scheme, and are based on the same alleged facts—the payment of COBRA premiums which were alleged to be in excess of those allowed under federal law. Plaintiff's claims have the same essential characteristics, and arise from the same alleged conduct, as those that could have been asserted by the Settlement Class as a whole, and are therefore typical of the claims of the Settlement Class which are disposed of by the Settlement. *See Mullen*, 186 F.3d at 625.

L.    The fact that class certification is requested in the context of a class-wide settlement requires the Court to give additional scrutiny to those elements of Rule 23 designed to protect absent class members, such as the adequacy of the Plaintiff and her counsel to serve as representatives of the Class. Here, the Court finds that both the Plaintiff and her Counsel have, and will continue to, vigorously fairly and adequately represent and protect the interests of the Class. The record reflects that Plaintiff has actively monitored the activities of her counsel during this litigation and settlement process, and has spent substantial time becoming acquainted with the underlying facts.

M.    There is also no indication that the Plaintiff has any conflicts with, or interests antagonistic to, those of the Settlement Class Members. *See Mullen*, 186 F.3d at 625-26 ("Differences between named plaintiffs and class members render the named plaintiffs inadequate representatives only if those differences create conflicts between the named plaintiffs' interests and the class members' interests."). The Plaintiff has the same interest as the Settlement Class Members—obtaining reimbursement for allegedly excessive COBRA premium payments. That

objective is fairly achieved by the Plan of Allocation in the Settlement, pursuant to which Plaintiff

and each other Settlement Class Member will receive a pro-rata share of the Net Settlement Fund

based on the total amount of COBRA premium each paid during the Class Period.  The Court

concludes that the Plaintiff has fairly and adequately represented the Class with respect to the

Settlement and the Settlement Agreement.

N.      Similarly, Plaintiff's Counsel have provided evidence that they are experienced in

class and other multi-party complex litigation, as well as with respect to the types of claims made by

the Plaintiff and Class here.  They have also demonstrated that they diligently investigated and

researched the Settlement Class' claims, expended considerable resources representing the

Settlement Class, and negotiated a settlement on behalf of the Settlement Class which is fair,

adequate and reasonable in all respects.

O.      The Court also finds that a class-wide resolution of the claims in this action is

superior to individual actions for the fair and efficient adjudication of the controversy.  This is

particularly the case where, as here, the claims of the Plaintiffs and Settlement Class Members are

being resolved through voluntary settlement, which is favored under the law.  Moreover, there is

evidence in the record that the claims of many Settlement Class Members are small and therefore,

would be uneconomic to pursue on an individual basis.  *See Amchem*, 521 U.S. at 617; *Mullen*, 186

F.3d at 627.  As such, this Court concludes that, for settlement purposes, the requirements of Rule

23(b)(3) have been satisfied.[2]

---

[2]  The Court notes that in the context of approving a settlement class, it need not consider the manageability of the class at trial.  *See Amchem*, 521 U.S. at 620.

Findings Supporting Fairness of the Settlement

P.      Under Federal Rule of Civil Procedure 23(e), a court should approve a proposed

class action settlement if it determines that the settlement is "fair, reasonable, and adequate, as well

as consistent with the public interest." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir.1977).

Q.      The Settlement, as provided for in the Settlement Agreement, is in all respects fair,

reasonable, adequate and proper and in the best interest of the Class.  In reaching this conclusion,

the Court has considered a number of factors, including: (i) the existence of fraud or collusion

behind the settlement; (ii) the complexity, expense and likely duration of the litigation; (iii) the stage

of the proceedings and the amount of discovery completed; (iv) the probability of the plaintiff's

success on the merits; (v) the range of possible recovery; and (vi) the opinions of the Class Counsel,

the Class Representative, and absent Settlement Class Members.  *Parker v. Anderson*, 667 F.2d

1204, 1209 (5th Cir. 1982).  The evidence presented to this Court establishes that the settlement was

negotiated at arm's length through experienced counsel after extensive discovery in this case and a

related case.  After conducting the Fairness Hearing, the Court finds that the Settlement Agreement

is reasonable, fair, just, and adequate and satisfies Federal Rule of Civil Procedure 23, and is hereby

approved.

R.      The Court further finds that individual notice sent via first class mail to

Settlement Class Members' last known addresses as updated through the National Change of

Address Database has been provided in accordance with the notice requirements specified by the

Court in the Preliminary Approval Order (D.E. 33).  The Court finds such notice: (i) constituted

the best notice to members of the Settlement Class that was practicable under the circumstances;

(ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of

the pendency of the Case, their right to object and to appear at the Settlement Hearing or to

exclude themselves from the Settlement, and the binding effect of the Final Judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to persons entitled to be provided with notice; and (iv) fully complied with the requirements of due process and the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 23(c)(2); *Eisen v. Carlisle & Jacquilin*, 417 U.S. 156, 173-74 (1974); *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1260-61 (10th Cir. 2004).  A full opportunity has been afforded to Settlement Class Members to participate in the Fairness Hearing, and all Settlement Class Members and any other person qualified per the terms of the Notice wishing to be heard have been heard.  No member of the Settlement Class has objected to the Settlement or sought to intervene in this action, and only two potential class members opted-out of the Settlement.

S.      A list of those members of the Class who did <u>not</u> timely elect to opt-out of the Settlement and the Class, or who have revoked any such election, and who therefore are bound by the Settlement, the provisions of the Settlement Agreement, this Order, and the Final Judgment to be entered by the Clerk of the Court hereon, has been filed with the Court as Exhibit "A" to the February 1, 2010 Declaration of Jennifer M. Keough, which was provided to the Court at the Fairness Hearing.  A copy of such list is attached to the Final Judgment as Exhibit "A" and is also incorporated by reference herein.  Only such members of the Class (as permanently certified below) shall be subject to the provisions of the Settlement, the Settlement Agreement, this Order, and the Final Judgment to be entered by the Clerk of the Court.

T.      The dismissal with prejudice and entry of the Final Judgment contemplated by the Settlement and this Order will dispose of all the claims at issue in, or parties to, the Case.  The Court finds, pursuant to Rule 54 of the Federal Rules of Civil Procedure, that there is no just reason for delay in entering the Final Judgment in the form attached hereto as Exhibit 1 (the "Judgment")

dismissing the Case with prejudice as to the Settling Defendants and that entry of Judgment to that

effect, as directed below, is warranted.

Findings Supporting Award of Class Counsel's Attorneys' Fees<br>and Class Representative Service Award

U.      Class Counsel seek an award of attorneys' fees and expenses of 40% of the

$305,000.00 Settlement Fund.  *See* D.E. 34.  Class Counsel is entitled to a fee paid out of the

common fund created for the benefit of the Class.  *See Boeing Co. v. Van Gemert*, 444 U.S. 472,

478-79 (1980).  The Supreme Court has indicated that the percentage method is proper in common

fund cases*, see Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984), and the Fifth Circuit likewise

recognizes the propriety of the percentage fee method where each member of a class has an

"undisputed and mathematically ascertainable claim to part of [a] judgment."  *Strong v. Bellsouth*

*Telecomms., Inc.*, 137 F.3d 844, 852 (5th Cir.1998).

V.      The Court has also reviewed the application for an award of fees, costs and

expenses submitted by Class Counsel and the exhibits, memoranda of law and other materials

submitted in support of that application (D.E.s 34-36).  Although Class Counsel request an award as

a percentage of the Settlement Fund, in support of their application, they have also submitted

Declarations setting forth and applying the twelve factors from *Johnson v. Ga. Highway Express,*

*Inc*., 488 F.2d 714, 717-19 (5th Cir.1974).   Those factors are:

> (1) The time and labor required.... (2) The novelty and difficulty of the questions....
> (3) The skill requisite to perform the legal service properly.... (4) The preclusion of
> other employment by the attorney due to acceptance of the case.... (5) The
> customary fee [for similar work in the community].... (6) Whether the fee is fixed or
> contingent.... (7) Time limitations imposed by the client or the circumstances.... (8)
> The amount involved and the results obtained.... (9) The experience, reputation, and
> ability of the attorneys.... (10) The "undesirability" of the case.... (11) The nature and
> length of the professional relationship with the client .... [and] (12) Awards in similar
> cases.

*Id.*  The Court has taken the Declarations of Class Counsel into consideration and finds that the fee and expense award requested by Class Counsel is fair and reasonable.

W.      The Court also notes that Class Counsel's proposed fee was set forth in the Notice along with a manner in which any member of the Class could obtain a complete copy of the fee and expense request and brief in support thereof free of charge.  The Court finds these procedures provided a sufficient opportunity for any member of the Class to timely object to the fee and expense request.  There were no objections to the attorneys' fees requested.

X.      The Court has further reviewed the application for a Service Award to the Plaintiff. Such awards are common in class litigation, and serve the laudable goal of compensating those individuals who took the time, and had the courage, to prosecute claims not only on behalf of themselves, but also on behalf of many others harmed by the same conduct.  *See Staton v. Boeing Co.*, 327 F.3d 938, 976-77 (9th Cir. 2003).  The Court also notes the evidence presented by the Plaintiff in connection with such application that she has communicated extensively with Class Counsel both during the litigation and settlement phase of this Case, has reviewed and asked questions regarding drafts of various pleadings, motions and the settlement documentation, and has reviewed an extensive body of discovery taken in the *Ned-Sthran* Action, a related, predecessor action.  The Court also recognizes that in the Settlement Agreement, the Settling Defendants have agreed not to oppose an incentive award for an amount up to five thousand dollars ($5,000.00) for the Representative Plaintiff, to be paid out of the Settlement Fund.  The Court finds that a Service Award in the amount requested is fair and reasonable in this Case.

On the basis of the foregoing findings, and the submissions and proceedings referred to above, **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

11

1.      The Settlement Agreement, including the definitions contained therein and the exhibits thereto, is approved and shall be effectuated, enforced, and carried out in accordance with the terms and provisions thereof, and the Court orders the Parties to comply with the Settlement Agreement.

2.      The Court, having found that each of the elements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied, for purposes of settlement only, the Case is permanently certified as class action, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the following persons (the "Class"):

> **All persons who have paid COBRA premiums for continuation coverage under the Methodist Employee Group Health Plan between March 21, 2002 and September 16, 2009 and whose names appear on Exhibit "A" to the Final Judgment.**

3.      Only the persons identified on the list submitted to the Court (attached at Exhibit "A" to the Final Judgment and incorporated herein by reference) are included in the Class, only those persons shall be entitled to any of the monetary or other benefits afforded to the Class under the Settlement Agreement, and only those persons shall be bound by the Settlement Agreement and by the Final Judgment.

4.      The Court confirms the appointment of Carol Owen as the Class Representative, and confirms the following counsel's appointment as "Class Counsel" pursuant to Rule 23(g) of the Federal Rules of Civil Procedure:

**David W. Dodge**
Texas State Bar No. 24002000
E-mail: David@DodgeFirm.com
**DAVID W. DODGE, P.C.**
Regency Plaza
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
Telephone: 972.523.3135
Facsimile: 214.741.4717

**Michael C. Dodge**
Texas State Bar No. 05937000
E-mail: mdodge@gpm-law.com
**DODGE & ASSOCIATES, P.C.**
13355 Noel Road, L.B. 48
Dallas, Texas 75240-1518
Telephone: 972.419.7172
Facsimile: 972.419.8329

**Jonathan F. Winocour**
Texas State Bar No. 24037730
E-mail: jwinocour@winocour-ray.com
**WINOCOUR | RAY**
9400 N. Central Expressway
Suite 1204
Dallas, Texas 75231
Telephone: 214.575.6060
Facsimile: 214.575.6220

**Tisha L. Dodge**
Texas State Bar No. 00797536
E-mail: tishad@dodgelegal.com
**DODGE LEGAL GROUP, P.C.**
Regency Plaza
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
Telephone: 888.314.5141
Facsimile: 888.314.5171

5.      The Court awards reasonable and necessary attorneys' fees and expenses to Class Counsel in the amount of $122,000.00, which award is to be paid to Class Counsel from the Settlement Fund in accordance with the Settlement Agreement.  The Settling Defendants will cooperate fully with Class Counsel in order to effectuate the transfer of such funds to Class Counsel.

6.      The Court also awards the Class Representative a $5,000.00 Service Award to be paid from the Settlement Fund.  This award is to be paid to the Class Representative in accordance with the Settlement Agreement.  The Settling Defendants will cooperate fully with Class Counsel in order to effectuate the transfer of such funds to the Class Representative.

7.      As of the Date of Distribution, the Plaintiff and the Participating Settlement Class Members shall be conclusively deemed to have released any and all actions, suits, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages

(including actual, consequential, incidental, general, special, statutory, treble, multiple, penalty and/or punitive or exemplary damages), injuries, attorneys' fees, pre- and post-judgment interest, costs, expenses, debts, liabilities, judgments, or remedies recoverable now or at any later time in equity or under applicable law, whether known or unknown, pending or threatened, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent, which have been or could have been asserted, in any way arising out of or relating to the claims asserted by the Settlement Class and Settlement Class Members for breaches of fiduciary duty under ERISA and/or related to the miscalculation or overcharging of premiums for COBRA continuation coverage under the Group Health Plan portion of the Methodist Health System BeneChoice Plan for payments made during the period between March 21, 2002 and September 16, 2009 (the "Released Claims"). However, "Released Claims" expressly excludes claims related to any other portion of the BeneChoice Plan, claims under COBRA not related to the calculation of COBRA premiums (e.g., notice and eligibility claims), disputes over the payment and/or denial of benefits, and disputes related to the provision of information under ERISA § 104(b)(4).

8.      Entry of this Final Approval Order approves the Settlement Agreement and settles all Released Claims of the Participating Settlement Class Members as listed in Exhibit "A" to the attached Final Judgment.  As of the Date of Distribution as defined in the Settlement Agreement, the Plaintiff and Participating Settlement Class Members shall be forever barred from bringing or prosecuting any action or proceeding that involves or asserts any of the Released Claims against the Defendant Released Parties.

9.      The payment into the Settlement Fund as set out in Sections 3 and 5.1 of the Settlement Agreement is the only payment the Settling Defendants shall be obligated to make to

Plaintiff, any Participating Settlement Class Member, Class Counsel, or other attorney in connection with the settlement and release of the Released Claims.

10.    The Parties are hereby ordered to effectuate the terms of the Settlement Agreement.

11.    Without in any way affecting the finality of this Order or the Final Judgment, the Court reserves and retains exclusive and continuing jurisdiction over the Case, the Plaintiff, the Participating Settlement Class Members listed on Exhibit "A" to the Final Judgment, and the Settling Defendants, to the fullest extent allowed by Federal law, for the purposes of supervising the enforcement, construction, and interpretation of:

      (a)    the Settlement Agreement, and

      (b)    this Final Approval Order, and

      (c)    the Final Judgment in this Case.

12.    Neither this Final Approval Order, the Settlement Agreement, nor any papers related thereto, are to be construed an admission by any Party of any liability or wrongdoing whatsoever.  All Defendants deny and dispute any wrongdoing and this Court makes no finding as to liability or damages.  No party may claim to be the prevailing party herein.

13.    Other than as stated herein, all attorney's fees, expenses and costs of court are to be borne by the Party/Parties incurring same.

**It is so ordered** this 2nd day of February, 2010.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge